IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STEVEN CHARLES FORBESS**,

    Petitioner,

v.

**DON MILLS, Superintendent,
Two Rivers Correctional Institution**,

    Respondent.

Case No. 3:08-cv-01261-AC

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on July 5, 2016. ECF 135. Judge Acosta recommended that the Court grant in part and deny in part Petitioner's Motion to Expand the Evidentiary Record (ECF 129);[1] the Court deny the Petition for Writ of Habeas Corpus (ECF 3) and enter a judgment of dismissal in this case; and the Court decline to issue a Certificate of Appealability under 28 U.S.C. § 2253(c)(2) because Petitioner has not made a substantial showing of the denial of a constitutional right.

---

[1] Specifically, Judge Acosta recommended that the Court grant Petitioner's Motion to Expand the Evidentiary Record with regard to Petitioner's Post-Conviction Relief Trial Memorandum and deny Petitioner's Motion to Expand the Evidentiary Record with regard to Petitioner's June 5, 2015 Affidavit.

PAGE 1 – ORDER

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Petitioner timely filed an objection (ECF 140), to which Respondent responded. ECF 141. Petitioner objects to the portion of Judge Acosta's recommendation finding that Petitioner is not entitled to relief on his claim of ineffective assistance of counsel regarding his trial counsel's failure to call a potential witness at trial. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Petitioner has objected, as well as Petitioner's objections and Respondent's response. The Court agrees with Judge Acosta's reasoning that the post-conviction relief court's denial of Petitioner's ineffective assistance of

PAGE 2 – ORDER

counsel claim was not contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984), and ADOPTS those portions of the Findings and Recommendation.

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Acosta's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Judge Acosta's Findings and Recommendation, ECF 135. Petitioner's Motion to Expand the Evidentiary Record (ECF 129) is GRANTED IN PART and DENIED IN PART. Petitioner's Motion is granted with regard to Petitioner's Post-Conviction Relief Trial Memorandum and denied with regard to Petitioner's June 5, 2015 Affidavit. The Petition for Writ of Habeas Corpus (ECF 3) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

PAGE 3 – ORDER

**IT IS SO ORDERED.**

DATED this 25th day of August, 2016.

                                                  /s/ Michael H. Simon
                                                 Michael H. Simon
                                                 United States District Judge